

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

September 9, 1964

Honorable J. M. Falkner
State Banking Commissioner
John H. Reagan Office Building
Austin, Texas

Opinion No. C-308

Re: Whether concrete containers to
enclose caskets in garden type
cemeteries to prevent graves from
settling, are funeral merchandise
within the contemplation of Article
548b, Vernon's Civil Statutes and
related questions.

Dear Mr. Falkner:

You have requested the opinion of this office on the following questions:

1. Are concrete containers suitable to enclose caskets in garden type cemeteries to prevent graves from settling, funeral merchandise within the contemplation of Article 548b, Vernon's Civil Statutes, as amended?

2. Assuming that said concrete containers are deemed funeral merchandise within the terms of Article 548b, Vernon's Civil Statutes, as amended, do said containers when fully paid and installed in a grave space owned by a purchaser become exempt as a crypt, niche, or mausoleum?

3. Is Article 548b(1), Vernon's Civil Statutes, which provides that delivery of funeral merchandise prior to death does not constitute performance in full or in part of an installment contract for prepaid funeral benefits under the statutes, constitutional?

4. Under the provisions of Article 548b, Vernon's Civil Statutes, prior to the amendment in 1963, does merchandise of this type constitute prepaid funeral merchandise requiring the deposit of payments received on contract to be deposited in a state or national bank, or building and loan association in this state for the benefit and protection of such purchasers?

We answer your first question as follows:

"Concrete containers", if they are to be included within the purview of Art. 548b, Vernon's Civil Statutes, must be within the meaning of the term "funeral merchandise" as used in Section 1 of that Article.

Article 548b, Vernon's Civil Statutes, Sec. 1, provides in part as follows:

". . . Any individual, firm, partnership, corporation, or association. . . , desiring to sell pre-arranged or prepaid funeral services or funeral merchandise (including caskets, grave vaults, and all other articles of merchandise incidental to a funeral service, but excluding grave lots, grave spaces, grave markers, monuments, tombstones, crypts, niches, and mausoleums) in this state, . . . shall obtain a permit from the State Banking Department of this state authorizing the transaction of this type of business before conducting such business." (Emphasis added.)

Funeral merchandise is defined so as to include "grave vaults"; however, Article 548b, Vernon's Civil Statutes, does not provide a specific definition of "grave vaults" nor do any of the reported cases contain such a definition.

In Sec. 1, of Article 912a, Vernon's Civil Statutes, relating to perpetual care cemeteries, a grave is defined as, "a space of ground in a burial park intended to be used for the permanent interment in the ground of the remains of a deceased person."

A standard reference work in the field of mortuary science defines a "burial vault" as, "A tomb or receptacle in which a casket is placed for burial." Basic Principles of Funeral Service, R. Victor Landig, 1956, p. 91. In Modern Mortuary Science, John H. Eckels, 1948, a vault is defined: "(Literally to form with vaulted roof, an arched apt or chamber) refers to an outer case of concrete, metal, stone or brick."

From the above, we conclude that "grave vaults" include any container within which a casket might be placed for burial, and you are therefore advised that "concrete containers" are a type of "grave vault" and thus within the contemplation of Art. 548b, Vernon's Civil Statutes, as funeral merchandise.

Your second question asks whether the containers if fully paid for and installed are exempt as crypts, niches, or mausoleums, from the regulation of prepaid or prearranged funeral merchandise described in Art. 548b, § 1.

In answering this question, we looked to definitions of crypt, niche, and mausoleum to determine if the "concrete containers" in question could ever be considered to be one of these excluded items.

As in question one, we find no definitions in Art. 548b, of the terms; however, Art. 912a-1, Vernon's Civil Statutes, provides assistance in determining the proper meaning to be ascribed to the terms in that its definitions of the terms are of long standing and unaltered by amendment.

"Mausoleum" is defined in Art. 912a-1 as ". . . a structure or building of most durable and lasting fireproof construction used, or intended to be used, for the permanent interment in crypts and vaults therein of the remains of deceased persons." In that same section "Crypt" is defined as, ". . . the chamber in a mausoleum of sufficient size to inter the uncremated remains of a deceased person." Likewise, "Niche" is defined as, ". . . a recess in a columbarium, used, or intended to be used, for the permanent interment of the cremated remains of one or more deceased persons." (Emphasis added throughout.) From a careful study of Art. 548b, and of the definitions gleaned from Art. 912a-1, we conclude that concrete containers suitable to enclose caskets in garden type cemeteries are not items that could be equated with crypts, niches, or mausoleums and thus exempt from regulation of prepaid or prearranged funeral merchandise.

Your third question inquires into the constitutionality of the last sentence of the first paragraph of Section 1, of Art. 548b, Acts 58th Leg., R.S. 1963, Ch. 496, p. 1304, § 1.

The sentence in question reads as follows:

"Delivery of funeral merchandise prior to death shall not constitute performance or fulfillment, either wholly or in part, of any prepaid funeral benefits contract entered into after the effective date of this amendatory Act."

Honorable J. M. Falkner, page 4 (C-308)


The validity of regulation of pre-need sale of funeral merchandise has been widely litigated and in all but one jurisdiction such regulation has been held not to abridge either the right to contract or to be an unlawful exercise of the police power. Falkner v. Memorial Gardens Association, 298 S.W. 2d 934, (Civ.App. 1957, error ref., n.r.e.); Memorial Gardens Association, Inc. v. Smith, 156 N.E. 2d 587 (Sup.Ct. Ill. 1959); Reserve Vault Corporation v. Jones, 356 S.W. 2d 225, (Sup.Ct. Ark. 1962).

In the Falkner case, supra, page 939, the contracts in question provided:

> "That at any time after receipt of the full sum set out above, upon request of the Purchaser, his heirs or assigns, it will deliver to the Purchaser, his heirs or assigns, the above items enumerated and designated as purchased, subject to the following terms and conditions: * * * " (Emphasis added.)

The reasoning behind the theory that an offer to deliver after full payment on demand of the purchaser did not affect the real nature of the contract, is well stated in the case of State v. Smith Funeral Home, 145 S.W.2d 1021 (Sup.Ct. Tenn. 1940), where the Court said:

> "As suggested by the chancellor, only a rare and eccentric individual would in person or through an agent, purchase for himself a coffin and grave clothes before he died. Human nature is such that the individual revolts at acquiring and possessing during his lifetime such gruesome tokens of his end. A person, not abnormal, would not have such things around him during his lifetime."

> * * *

> "It seems to us that the apparent right given to a certificate holder of defendant to demand his coffin and grave clothes prior to his death is a right of such improbable exercise that it does not alter what we regard the real nature of the contract." (Emphasis added.)

In each of the cases cited, the contracts provided for an optional delivery at any time after full payment was made. In the present case, the seller agrees that:

> "In the event that cryptorium. . . .(Company's nomenclature for concrete containers). . .is not needed for interment at the time fully paid for, the company shall deliver _____ cryptoriums to a bonded warehouse and deliver a warehouse receipt to the purchaser, his heirs or assigns, and keep so stored until request without further charge."

The Warehouse Certificate form recites that the concrete vault will be delivered upon request to any destination within a 50 mile radius of the "above address".

We have carefully considered the contractural and statutory provisions and are of the opinion that the statutory pronouncement that delivery of funeral merchandise prior to death will not constitute performance of the contract does not represent an unconstitutional addition to the regulation of the sale of pre-need funeral merchandise which has been declared to be constitutional. Falkner v. Memorial Gardens, Association, supra; Reserve Vault Corporation v. Jones, supra; Memorial Gardens Association, Inc., v. Smith, supra.

Your fourth question asks whether contracts for "concrete containers" entered into prior to July 15, 1963 (the effective date of the latest amendment to Art. 548b), are for prepaid funeral merchandise and therefore subject to the deposit requirements of the pre-amendment article.

In answer to your first question we held that "concrete containers" are funeral merchandise within the present provisions of Art. 548b. After a careful comparison of the applicable pre-amendment and present portions of Art. 548b, Sec. 1, describing items to be included within the scope of regulation as "funeral merchandise," we find them to be the same, thus requiring that we reach an identical result in answering this portion of your fourth question.

We have also scrutinized the deposit requirements and find them to be essentially the same but for the absence of the alternative provisions relating to contracts of insurance found in Section 1a of the current article.

Section 1 of Art. 548b, Vernon's Civil Statutes, prior to the 1963 amendments, contained the provision that regulated contracts were those where the merchandise was to be "delivered at an undetermined future date dependent upon the death of the contracting party. . ." In the Falkner case, supra, where the Court held that an offer to deliver did not affect the real nature of the business regulated, the contract provision which we quoted in answer to your third question provided that:

"That at any time after receipt of the full sum set out above, upon the request of the purchaser, . . . it will deliver to the purchaser, . . . the above items. . ."

In the instant case the contracts provide that:

"In the event that cryptorium is not needed for interment at the time fully paid for, the company shall deliver _____ cryptoriums to a bonded warehouse and deliver a warehouse receipt to the purchaser, . . . and keep so stored until requested without further charge."

We have carefully considered these two contract provisions and conclude that in practical result there is no distinction between them. In the instant case, the seller agrees to do at least two things before the contract can become fully executed. First, seller agrees to provide an item of personal property, i.e. a burial vault; secondly, seller agrees to deliver to a cemetery when requested to do so by the purchaser, his heirs or assigns; and thirdly, in some of the contracts, the seller agrees to "install for interment." When compared with the provision in the Falkner case, supra, just quoted, we are of the opinion that in both contracts the seller simply makes an offer to perform upon request, which the Court in the Falkner case held not to affect the real nature of the regulation. You are therefore advised that the contracts entered into prior to the effective date of the 1963 amendments to Article 548b, Vernons' Civil Statutes, were within the purview of that pre-amendment article, and thus the deposit requirements of that article must be met.

## S U M M A R Y

(1) "Concrete containers" to be used as burial vaults under the stated facts, are funeral merchandise within the scope of both the pre-1963, and present version of Art. 548b, Vernon's Civil Statutes, and are thus subject to the deposit requirements of both articles.

(2)     Under the stated facts "concrete containers" do not when fully paid for and installed become exempt as a crypt, niche, or mausoleum.

(3)     The addition of the last sentence of the first paragraph in Section 1 of Art. 548b, Vernon's Civil Statutes, relating to delivery is constitutional.

(4)     Merchandise of the type discussed constituted funeral merchandise requiring that deposit requirements, of Art. 548b, Vernon's Civil Statutes, prior to the 1963 amendment, be complied with.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

R. E. RICHARDS
Assistant Attorney General

RER:sf

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman

Joe R. Long

Paul Phy

Pat Bailey

George Gray

APPROVED FOR THE ATTORNEY GENERAL

By:   Roger Tyler